Dear Mr. Bethard:
I am in receipt of your request for an Attorney General's Opinion on behalf of the Red River Parish School Board concerning surplus portable buildings. Specifically, you seek an opinion concerning the following:
 1. May the Red River Parish School Board donate the portable buildings under LSA-R.S. 33:1321, et. seq. to the Red River Parish Police Jury to be used for a voting precinct?
 2. May the Red River Parish School Board donate to another Public Parish School System the portable buildings for use in its school system under LSA-R.S. 33:1321, et. seq? Would such a donation be a violation of Louisiana Constitutional Article 7, Section 14?
 3. May the Red River Parish School Board sell, lease or otherwise dispose of the portable buildings in accordance with LSA-RS. 17:87.6
without the necessity of advertising?
 4. May the Red River Parish School Board donate surplus movable property to the Red River Parish Sheriff's Office under Louisiana Constitution Article 7, Section 14(E), or any other applicable statute?
In response to your first question, Opinion No. 93-130 addresses a similar issue. (Attached, please find a copy). In that opinion, our office addressed the issue of whether the Pointe Coupee School Board may transfer immovable property to the Police Jury by sale, donation or otherwise, so the Police Jury may utilize the property to house community centers and other governmental agencies. Our office addressed the applicability of LSA-R.S. 17:87.6 and LSA-R.S. 33:1321 to this situation, and whether a transfer in accordance with these provisions would violate La. Const. (1974) Art. VII, Section 14. The author of the opinion first addressed the issue of a donation by the School Board as well as the issue of joint endeavors in accordance with LSA-R.S. 33:1321.
Article VII, Section 14(A) of the La. Const. provides the following in pertinent part:
 . . . the funds, credit, property or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private.
As discussed in Opinion No. 93-130:
 Article VII, Section 14(B) provides certain exceptions to that rule; however, the donation of school board property to a police jury does not fit within one of those exceptions. Further, our research did not reveal any other constitutional exception which would authorize such an exception.
 We note that Art. VII, Sec. 14(C) authorizes political subdivisions to engage in cooperative endeavors for a public purpose. In our opinion, R.S. 33:1321, regarding joint endeavors, must be read in pari materia with Art. VII, Sec. 14(C), which was interpreted by the Supreme Court in City of Port Allen v. Louisiana Municipal Risk Agency, Inc., 439 So.2d 399 (La. 1983).
 In the City of Port Allen, the Court stated that Art. VII Sec. 14(A) ". . . is violated whenever the state or a political subdivision seeks to give up something of value whenever it is under no obligation to do so". The Court also stated that the constitutional authorization for cooperative endeavors, contained in Sec. 14(C), does not provide an exception to the provision contained in Sec. 14(A):
 There is no indication that [Sec. 14(C)] is meant to be an exception to the rule of Sec. 14(A); the exceptions are clearly contained in Sec. 14(B). Thus, even if political subdivisions cooperate for a public purpose, they still may not give away their assets to other political subdivisions ". . . merely for a `public purpose'."
 We note that the Supreme Court's decision in Guste v. Nicholls College Foundation, 564 So.2d 682
(La. 1990) indicates that a transfer or property by a political subdivision would not violate Art. VII, Sec. 14, if the transfer was made "in the discharge of the [political subdivision's] constitutional or legal duties" and if the transfer was accepted by the transferee, "with a commitment to assist the [political subdivision] in carrying out its constitutional and legal duties . . ."
 As previously noted, your letter provides that the police jury would utilize the property to house community centers and other governmental agencies. While that use of the property would clearly serve a public purpose, it is our opinion that the function of school boards is limited to providing public education. As such, the school board has no legal obligation or authorization to utilize its assets to provide housing or office space for community centers or other governmental agencies, either independently or in conjunction with the police jury.
In light of Opinion No. 93-130, it is the opinion of this office that the Red River Parish School Board may not donate directly or indirectly the portable buildings-in-question pursuant to a joint endeavor under LSA-R.S. 33:1321 with the police jury to be used for voting precincts.
In your second question, the initial question that must be addressed is whether the Red River Parish School Board is under a legal obligation to another school board to donate the portable buildings-in-question pursuant to a joint endeavor with another school board for the purpose of educating children in another school system. The Red River Parish School Board is responsible for supervising and controlling the public elementary and secondary schools and special schools under its jurisdiction. (See LSA-R.S. 17:6).
As discussed above, Article VII, Section 14(A) ". . . is violated whenever the state or a political subdivision seeks to give up something of value whenever it is under no obligation to do so." (City of Port Allen, supra). In Opinion No. 93-130 our office opined that the Constitutional Authorization for cooperative endeavors contained in Section 14(C) does not provide an exception to the provision contained in Section 14(A). Thus, even if political subdivisions cooperate for a public purpose, they still may not give away their assets to other political subdivisions ". . . merely for a `public purpose.'"
Therefore, in response to your second question, the Red River Parish School Board may not donate to another public school system the portable buildings for use in its school system under LSA-R.S. 33:1321 et seq. or La. Const., Article VII, Section 14.
In response to your third question, LSA-R.S. 17:87.6 provides:
 Any parish or city school board may sell, lease or otherwise dispose of, at public or private sale, for cash or on terms of credit, any school site, building, facility or personal property which is not used and, in the judgment of the school board, is not needed in the operation of any school or schools within its jurisdiction. Any such sale, lease or disposal of such school property shall be on such terms and conditions and for such consideration as the school board shall prescribe.
In Attorney General Opinion No. 83-1111 our office opined the following when asked whether it is necessary for a school board to advertise a sale and accept sealed bids at a minimum level when selling surplus movable property:
 As stated in the statute, a school board does not have to dispose of its unused surplus movable property by advertising and taking sealed bids. Furthermore, La.R.S. 49:125 permits the sale of surplus by public auction.
 Therefore, it is the opinion of this office that the Natchitoches Parish School Board may, pursuant to La.R.S. 17:87.6, sell its surplus movable property on such terms and conditions and for such consideration as the board may prescribe. The school board may dispose of the movable property at a public or private sale.
In light of Opinion No. 83-1111, it is the opinion of this office that the Red River Parish School Board may sell, lease, or otherwise dispose of the portable buildings in accordance with LSA-R.S. 17:87.6 without the necessity of advertising.
In response to your fourth question, our office dealt with a similar issue in Attorney General Opinion No. 79-469. In that opinion we were asked:
 On behalf of the Jefferson Parish School Board you inquire whether the Board may donate surplus movable property for which it received no bid at a public auction to (a) charitable or nonprofit organizations, or (b) private individuals of corporations?
As discussed in attorney General Opinion No. 79-469, the Board is authorized to sell surplus movable property at a public auction, in addition to any other method provided by law for such sales.
In that opinion, our office opined the following:
 In our opinion, the constitutional prohibition against the donation of Board property supersedes any authority found in R.S. 17:87.6 for the Board to donate its surplus property to private individuals or corporations.
 However, it is also our opinion that the constitutional exception to such prohibition would allow the Board to donate its surplus movable property to charitable or nonprofit organizations which are engaged in "programs of social welfare for the aid and support of the needy." Art. VII, Sec. 14(B), Const. of 1974.
 However, we emphasize that it is the paramount public policy of this state that public property be disposed of by public bid. Only in the event that the surplus property cannot be disposed of by public bid would the Board be authorized to donate the property to charitable organizations. Art. VII, Sec. 14, Const. Of 1974, R.S. 49:125
Therefore, the Red River Parish School Board may not donate surplus movable property to the Red River Parish Sheriff's Office under Louisiana Const. Article 7, Section 14(E).
We hope this opinion sufficiently addresses your concerns, and if our office can be of further assistance, please advise.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY:__________________________________ BETH CONRAD ROBINSON ASSISTANT ATTORNEY GENERAL
RPI:BCR;sc
12-30-02BR 01-08-03SH
March 18, 2003
OPINION NUMBER 93-130
April 19, 1993
88 — POLICE JURIES 90-A-2 — PUBLIC FUNDS — Loan, Pledge or Grants 97 — SCHOOLS AND SCHOOL DISTRICTS — Property Contracts CONST 7.14, R.S. 17:87.6, R.S. 33:1321 et seq, R.S. 41:891, R.S. 41:637, R.S. 41:638, R.S. 41:639, R.S. 41:1291 et seq
School Board cannot donate property to Police Jury or engage in joint endeavor with Police Jury, whereby school board property would be utilized for housing community centers and governmental entities. School Board can sell, exchange or lease property in accordance with law.
Mr. Larry S. Bossier Attorney at Law P.O. Box 56 Grosse Tete, Louisiana 70740
Dear Mr Bossier:
On behalf of your clients, the Police Jury and the School Board of Pointe Coupee Parish, you have requested the opinion of this office regarding several acres of property owned by the School Board, which property is not Sixteenth Section land. Your request has been assigned to the undersigned for research and reply.
It is our understanding that the property in question is no longer used for school purposes and the School Board wishes to dispose of same. Specifically, you ask that we address the issue of whether the School Board may transfer this property to the Police Jury, by sale, donation or otherwise, so that the Police Jury may utilize same to house community centers and other governmental agencies. In particular, you ask that we address the applicability of R.S. 17:87.6 and 33:1321 to this situation, and whether a transfer in accordance with these provisions would violate La. Const. (1974) Art. VII, Sec. 14.
The issues presented by your letter will be addressed in two parts. We will first address the issue of a donation by the School Board. That inquiry will also address the issue of joint endeavors in accordance with R.S. 33:1321.
Art. VII, Sec. 14(A), in pertinent part provides:
 ". . . the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private."
Art. VII, Sec. 14(B) provides certain exceptions to that rule; however, the donation of school board property to a police jury does not fit within one of those exceptions. Further, our research did not reveal any other constitutional exception which would authorize such an exception.
We note that Art. VII, Sec. 14(C) authorizes political subdivisions to engage in cooperative endeavors for a public purpose. In our opinion, R.S. 33:1321, regarding joint endeavors, must be read in pari materia with Art. VII, Sec. 14(C), which was interpreted by the Supreme Court in City of Port Allen v. Louisiana Municipal Risk Agency, Inc.,439 So.2d 399 (La. 1983).
In City of Port Allen, the Court stated that Art. VII, Sec. 14(A) ". . . is violated whenever the state or a political subdivision seeks to give up something of value whenever it is under no obligation to do so." The Court also stated that the constitutional authorization for cooperative endeavors, contained in Sec. 14(C), does not provide an exception to the provision contained in Sec. 14(A):
 "There is no indication that [Sec. 14(C)] is meant to be an exception to the rule of Sec. 14(A); the exceptions are clearly contained in Sec. 14(B). Thus, even if political subdivisions cooperate for a public purpose, they still may not give away their assets to other political subdivisions . . . merely for a `public purpose'."
We note that the Supreme Court's decision in Guste v. Nicholls College Foundation, 564 So.2d 682 (La. 1990) indicates that a transfer of property by a political subdivision would not violate Art. VII, Sec. 14, if the transfer was made "in the discharge of the [political subdivision's] constitutional or legal duties" and if the transfer was accepted by the transferee, "with a commitment to assist the [political subdivision] in carrying out its constitutional and legal duties . . ."
As previously noted, your letter provides that the police jury would utilize the property to house community centers and other governmental agencies. While that use of the property would clearly serve a public purpose, it is our opinion that the function of school boards is limited to providing public education. As such, the School Board has no legal obligation or authorization to utilize its assets to provide housing or office space for community centers or other governmental agencies, either independently or in conjunction with the police jury.
In light of the foregoing, it is the opinion of this office that the Pointe Coupee Parish School Board may not donate its property, directly, or indirectly pursuant to a joint endeavor with the police jury, for the purpose of housing community centers and other governmental agencies.
The second issue presented by your letter regards the ability of the School Board to sell or otherwise dispose of this property to the Police Jury for the Parish of Pointe Coupee, other than by donation.
Regarding the sale of public property by school boards, R.S. 41:891
provides:
 Whenever the school board of any parish or city determines that any school lands or other immovable property under its control are no longer needed for school purposes and that the best interest of the public school system would be served by the sale of such lands, the school board shall have authority to dispose of such lands at public auction or under sealed bids in accordance with the procedure set forth in this subpart; provided that this subpart shall not apply to the sale of sixteenth section lands, school indemnity lands or any other school lands for the sale of which the law already has provided a procedure in Chapter 6 of Title 41 of the Louisiana Revised Statutes or elsewhere in the law.
In our opinion, the School Board can only sell immovable property in accordance with the procedure set forth in R.S. 41:891, et seq. unless the property falls within the exception contained within R.S. 41:891 for "the sale of sixteenth section lands, school indemnity lands, or any other school lands for the sale of which the law has already provided a procedure in Chapter 6 of Title 41 . . .".
You have advised that the land in question is not sixteenth section lands. We assume it is not school indemnity lands (lands which the states were permitted to select in lieu of sixteenth section lands), and we note that Chapter 6 of Title 41 does not describe a "procedure" for the sale of any lands other than sixteenth section or indemnity lands.
We do note, however, that R.S. 41:637-639 (contained within Chapter 6 of Title 41) requires a reservation of mineral rights in favor of the state of Louisiana, and limits the use of the proceeds received by the School Board, in connection with the disposition of property described in R.S. 41:637 or 638.
R.S. 41:637 describes real property which has been abandoned to school boards by "any association, organization or non-profit corporation" in order to comply with a title stipulation which requires the property to be utilized for school purposes. R.S. 41:638 describes real property acquired by school boards (or other governmental entities) by virtue of an act of transfer which "contains a stipulation that such property shall be used for public school or public educational purposes".
In accordance with R.S. 41:639, if the lands sought to be sold by the Pointe Coupee School Board are of the sort described in 41:637 and 638, then in addition to the requirement that such lands be sold in conformity with 41:891, such lands must also be sold with a reservation of mineral rights to the state of Louisiana and the proceeds of such sale must be used to procure public school sites.
We note that R.S. 41:891, which requires sale by public auction or sealed bids, only addresses sales of school board property and does not address any other disposition, such as an exchange. Your letter refers to R.S. 17:87.6, which, in our opinion, has been partially repealed by R.S. 41:891, at least in regard to sales of school board lands other than sixteenth section and school indemnity lands. In accordance with Attorney General's Opinion No. 75-1261, this office has already determined that R.S. 17:87.6 is still viable relative to dispositions other than sales, in particular, exchanges of property or leases.
It remains the opinion of this office that School Boards can exchange property which is no longer necessary for public purposes in accordance with R.S. 17:87.6. Of course, if the property is of the type described in R.S. 41:637-638, the exchange must be made in accordance with the requirements of 41:639. Thus, the property transferred by the School Board would have to be transferred subject to a reservation of mineral rights to the State of Louisiana, and the property received by the School Board as its consideration for the exchange would have to be used for one or more public school sites.
It is also the opinion of this office that school boards have the ability to lease the lands in question to the Police Jury in accordance with R.S. 41:1291, et seq. Attorney General's Opinion No. 75-1261 and Opinion of the Attorney General dated February 13, 1963. Again, if the property is of the type described in 41:637-638, the mineral rights would have to be reserved to the State of Louisiana, and the rents received under the lease would have to be used to procure one or more public school sites.
Please note that if a disposition of the property is made by exchange or lease, care should be taken to insure that the School Board receives full consideration therefor, in order to avoid a violation of La. Const. (1974) Art. VII, Sec. 14.
Trusting this adequately responds to your request, I remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jv/265n